NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

PETER VAN DER HEYDEN, PETITIONER, v. JACOB
BREENS.

For the petitioner, *Nathan Rabinowitz.*

For the respondent, *Rabenold & Scribner.*

\* \* \* \* \* \* \*

4. That on the 27th day of August, 1927, while petitioner was employed as a baker, and while the petitioner was engaged in taking lemon-cream from a receptacle for the purpose of placing same on cake on a stand, petitioner bumped his head on the left side, as a result of which perpes zoster developed in a few days in the opthalmic region. Petitioner called attention to his employer to the accident at six o'clock in the morning, and about the time that petitioner was to quit his work for the day. Petitioner went home then and his wife, who was a registered nurse, gave him first aid treatment and continued to treat petitioner by applying salves, powder and boric acid, and applying hot compresses all during this time. Petitioner continued to work but under difficulty, complaining of pain in the frontal region. On February 5th, 1927, Dr. Denton, licensed physician of the city of Paterson, New Jersey, was called to the home of the petitioner and prescribed for petitioner, and from that time on the petitioner was under the care and treatment of his wife. On January 16th, 1928, the petitioner was examined and treated by Dr. Denig, of New York City, who gave petitioner a white iodine salve. The petitioner continued to use the prescription given by Dr. Denig for some-

time and then returned to the office of Dr. Denig on January 25th, 1928. Dr. Denig informed petitioner to renew the prescription for the time being and continue to use the prescription until the petitioner would feel better. Petitioner then went to Dr. Hennion of Paterson, New Jersey, for further treatment, and was then obliged to go to Dr. Hans Wassing, a neurologist connected with the Barnert Hospital of the city of Paterson, New Jersey, and was under his treatment from February 10th, 1928, to April 10th, 1928. Petitioner testified that he was under treatment by his wife and physicians aforementioned, and continued the treatment until April 10th, 1928. Petitioner called Dr. Hans Wassing, who testified that in his opinion the trauma sustained by petitioner on August 27th, 1927, was the producing cause of herpes zoster, stating that in his opinion that injury to the tri-facial nerve of the brain could produce herpes zoster. Dr. Wassing was supported in this by a statement of Dr. Peter Denton, who was the first attending physician of the petitioner. The respondent offered in evidence medical statements from Dr. Hennion and Dr. Denig, in which they stated that the petitioner was suffering from herpes zoster. The certificates submitted in evidence without objection did not in any way indicate that herpes zoster could not be produced through trauma. The respondent, Jacob Breens, was called, who admitted that he received notice of the accident and that he had called at the petitioner's home and found him ill and covered with salve over the frontal region. Respondent further offered in evidence a statement from Dr. Hennion that petitioner was suffering from sixteen and one-half per cent. loss of vision. Dr. Wassing testified that in his opinion it was a twenty per cent. loss of vision.

5. From the proofs submitted, I find that on the 27th day of August, 1927, petitioner sustained personal injuries as a result of said accident; that the said accident arose out of and in the course of petitioner's employment.

6. The respondent had actual knowledge of the occurrence of the said injuries and that as a result of said accident, the injuries have caused a temporary disability, which lasted from August 27th, 1927, until April 10th, 1928, and that he has a disability permanent in quality and partial in character, which

is as follows: twenty per cent. permanent disability of the left eye.

7. That the petitioner incurred expenses for medical services in the sum of $43.35, which amount represents the reasonable value of such services, of which $25 is allowed for medical testimony of Dr. Wassing.

8. I find, therefore, that the petitioner is entitled to compensation for a period of fifty and four-sevenths weeks at the rate of $17 per week.

9. The legal adviser of the petitioner is entitled to compensation in addition to his costs allowed by law in the sum of $200 to be paid in the following manner, that is to say, $150 by the respondent and $50 by the petitioner.

10. Costs will be allowed the petitioner.

\*     \*     \*     \*     \*     \*     \*

HARRY J. GOAS,
*Deputy Commissioner.*